UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HENRY B. BERROCAL, an Individual, Resident of Bexar County, Texas; CYCLE OF MANAGEMENT, LLC, a Business Engaged in Stock Finance; ELEGANT AND HAPPY, LLC, a Real Estate Business Entity; HUMANITY FOR WISDOM, a Nonprofit Organization,<br>　　　　　Plaintiffs,<br><br>v.<br><br>BEXAR COUNTY, TEXAS, *et al.*,<br><br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | SA-25-CV-1192-JKP (HJB) |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation concerns the status of the above case, which was automatically referred to the undersigned for disposition of Plaintiffs' motion to proceed *in forma pauperis* ("IFP") and screening under 28 U.S.C. § 1915(e)(2), pursuant to this Division's June 30, 2025, Standing Order.[1] (*See* Text Entry Dated Sep. 22, 2025.) For the reasons set out below, I recommend that Plaintiffs' IFP motion (Docket Entry 1) be **DENIED**.

This case is purportedly brought on behalf of four Plaintiffs: Henry B. Berrocal, Cycle of Management LLC, Elegant and Happy LLC, and Humanity for Wisdom, a nonprofit organization. (Docket Entry 1-1, at 1.) "Because there are multiple Plaintiffs in this action, the Court must have information establishing that all Plaintiffs, individually or collectively, cannot pay the filing fee" before an IFP application may be granted. *Digit. Payments LLC v. Dep't of Banking & Consumer*

---

[1] The division-wide standing order is available on the Western District of Texas website and via the following permanent link: https://perma.cc/8ASX-URDC.

*Fin.*, No. 2:25-cv-3-KS-MTP, 2025 WL 597048, at *1 (S.D. Miss. Jan. 16, 2025) (collecting cases), *report and recommendation adopted*, No. 2:25-CV-3-KS-MTP, 2025 WL 595172 (S.D. Miss. Feb. 24, 2025).  However, "[o]nly natural persons, not artificial entities such as limited liability companies, may proceed [IFP]." *Id.* (citing *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993) and *Gaddis v. United States*, 381 F.3d 444, 453 (5th Cir. 2004)); *see also JKD Holdings, LLC v. Prison Litig. Reform Act*, No. 3:21-CV-723-N (BH), 2021 WL 2044316, at *2 (N.D. Tex. May 10, 2021) ("Only a natural person may qualify to proceed [IFP] under 28 U.S.C. § 1915."), *report and recommendation adopted*, No. 3:21-CV-723-N (BH), 2021 WL 2042689 (N.D. Tex. May 21, 2021).  In this case, three of the four purported Plaintiffs are entities, not natural persons.  Accordingly, IFP status must be denied.

**Conclusion and Recommendation.**

I recommend that Plaintiffs' motion to proceed IFP (Docket Entry 1) be **DENIED**.  As such, I further recommend that Plaintiffs be ordered to pay the costs associated with the filing of this lawsuit, and that this case be dismissed without prejudice should they fail to do so.[2]

**Notice of Right to Object.**

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Report and Recommendation must be

---

[2] The undersigned notes that the three Plaintiffs who are not natural persons must be represented by counsel to remain in this litigation. *See In re K. M. A., Inc.*, 652 F.2d 398, 399 (5th Cir. 1981) ("A fictional legal person can only be represented by licensed counsel.") (citation modified). Plaintiff Berrocal may represent himself, but he may not represent his co-Plaintiff entities. *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016) ("It is axiomatic that an individual may proceed *pro se* in civil actions in federal court, . . . but it is equally certain that those not licensed to practice law may not represent the legal interests of others.").

filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; "objections that are frivolous, conclusory, or general in nature needn't be considered." *Williams v. Lakeview Loan Serv. LLC*, 694 F. Supp. 3d 874, 881 (S.D. Tex. 2023) (citing *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987)).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on October 10, 2025.

_____
Henry J. Bemporad
United States Magistrate Judge