UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

HENRY B. BERROCAL; CYCLE OF
MANAGEMENT, LLC; ELEGANT
AND HAPPY, LLC; and HUMANITY
FOR WISDOM,
    *Plaintiffs*,

v.   Case No. 5:25-CV-1192-JKP-HJB

BEXAR COUNTY, TEXAS, et al.,
    *Defendants.*

### ORDER ACCEPTING REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Before the Court is a Report and Recommendation of United States Magistrate Judge (ECF No. 3) ("R&R"), filed on October 10, 2025. The Magistrate Judge therein recommends that the Court deny the Application to Proceed in District Court without Prepaying Fees or Costs (ECF No. 1) (also known as a motion to proceed in forma pauperis ("IFP")) filed in this action. The Magistrate Judge has explained that, when multiple plaintiffs join in a single action, courts cannot grant an IFP application without sufficient information establishing that all plaintiffs, individually or collectively, cannot pay the filing fee. He further explained that artificial entities may not proceed IFP. On his own behalf, and as a purported authorized representative of the entity Plaintiffs, Henry Berrocal has filed timely objections to the R&R. *See* ECF No. 6.

Although there is disagreement within the various federal courts, *see Highland Vista LLC v. Casterlow*, No. 1:19-CV-2609-SCJ-AJB, 2019 WL 5459076, at *2 n.3 (N.D. Ga. June 17, 2019) (recommendation of Mag. J. recognizing judicial split) *adopted on other grounds by* 2019 WL 5472922 (N.D. Ga. Aug. 8, 2019), the Fifth Circuit has held that magistrate judges have no authority to enter an order denying IFP status, *see Donaldson v. Ducote*, 373 F.3d 622, 624–25 (5th Cir. 2004) (per curiam). Consistent with *Donaldson*, the Magistrate Judge issued a recom-

mendation.

Berrocal first objects that the Court has discretion to allow representation of organization interests where justice so requires. In doing so, he relies on *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194 (1993) and Fed. R. Civ. P. 17(a). But *Rowland* fully supports that only individuals may proceed IFP and that entity parties may not appear in federal court absent representation by a licensed attorney. *See* 506 U.S. at 202, 211–12. Capacity to sue or be sued as recognized in Fed. R. Civ. P. 17 is a distinct and different issue. And, while the dissent in *Rowland* may provide some support for Berrocal, *see* 506 U.S. at 214–16 (Thomas, J., dissenting), that is not the law of the land. As the Magistrate Judge stated, Plaintiff Berrocal may represent himself, but he may not represent the entity-plaintiffs. *See Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016).

Berrocal next objects that preventing the entities from advocating constitutional issues effectively bars access to justice and violates principles of due process. The Court finds no merit to this objection. In *Rowland*, the Supreme Court provided no indication that its rulings had any implication on due process or access to justice. Berrocal has not convinced the Court that this objection has any merit.

Berrocal asserts that, because he individually qualifies for IFP status and may pursue his own claims, the Court should permit him to proceed IFP and give a reasonable period (sixty days) for the entity plaintiffs to obtain counsel. He submits that such approach balances the requirement for counsel with access to justice. But the approach ignores the legal reality that the entity plaintiffs may not proceed IFP and IFP status in multiple-plaintiff suits depends on the collective ability of the plaintiffs to pay the required fees. This Court agrees that granting IFP in a case with multiple plaintiffs requires considering whether they all can pay the requite fees, individually or collectively, and the ineligibility of the entity plaintiffs to proceed IFP precludes the

granting of IFP status for any plaintiff. *See Digit. Payments LLC v. Dep't of Banking & Consumer Fin.*, No. 2:25-CV-3-KS-MTP, 2025 WL 597048, at *1 (S.D. Miss. Jan. 16, 2025) (collecting cases) (recommendation of Mag. J.) *adopted by* 2025 WL 595172 (S.D. Miss. Feb. 24, 2025). Accordingly, the Court does not view the suggested approach as resolving the IFP issues raised in this case.

Berrocal also contends that equity and judicial consistency favor allowing him to represent the entities. And, in conclusion, he requests that the Court sustain his objections and grant him IFP for his individual claims or alternatively permit a temporary recognition of his representative capacity of the entity plaintiffs. The Court disagrees with the contention regarding equity and consistency. The contention does not appear to address the issue of proceeding IFP. Moreover, regardless of what may have occurred in another case involving Berrocal, the law does not support him representing the entity-plaintiffs in a legal capacity.

The District Court has reviewed *de novo* those portions of the recommendation to which objection was made and reviewed the remaining portions for clear error. Finding no error, the Court **ACCEPTS** the Report and Recommendation of the United States Magistrate Judge (ECF No. 3). The Court **OVERRULES** the asserted objections, **DENIES** the application to proceed IFP (ECF No. 1), and **ORDERS** Plaintiffs to pay the full filing fee for this action **on or before November 5, 2025**. Plaintiffs are hereby warned that the failure to timely pay the full filing fee may result in the dismissal of this action in its entirety without prejudice. Should Plaintiffs pay the requisite fee, the entity Plaintiffs shall secure representation by legal counsel within sixty days, and the failure to do so may result in the dismissal of this case as it pertains to them.

It is so ORDERED this 22nd day of October 2025.

_____
**JASON PULLIAM
UNITED STATES DISTRICT JUDGE**

3